IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSICA WALKER,

Petitioner,

vs.                                              CIVIL NO. 13-102-DRH-CJP

JAMES N. CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Jessica Walker, an inmate in the Federal Bureau of Prisons ("BOP"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's refusal to consider her for early release after she was expelled from the BOP's Residential Drug Abuse Program ("RDAP").  For the reasons set forth below, the Petition is denied.

## BACKGROUND

### A. The Residential Drug Abuse Program & Early Release

RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems.  *See* 28 C.F.R. § 550.53; U.S. DEP'T OF JUSTICE, BOP PROGRAM STATEMENT NO. 5330.11 ch. 2, p. 8 (2009).  The RDAP consists of three components, 28 C.F.R. § 550.53, but only the first component—the unit-based component—is relevant to the instant matter.  The

unit-based component requires at least 500 hours of treatment over a period of at least six months.   28 C.F.R. § 550.53(a)(1); BOP PROGRAM STATEMENT NO. 5330.11 ch. 2, p. 8.   Inmates participating in the program are housed in a unit set apart from the general prison population and reserved for drug treatment.   28 C.F.R. § 550.53(a)(1).   An inmate can be removed from the RDAP for various reasons, including "disruptive behavior related to the program or unsatisfactory progress in treatment."   28 C.F.R. § 550.53(g).   On the other hand, if an inmate "successfully complet[es]" the RDAP, they can receive a sentence reduction of up to 12 months. 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. §§ 550.54(a)(1)(iv), 550.55(a)(2).

### A. Relevant Factual History

Jessica Walker was sentenced on June 30, 2010 to 60 months imprisonment for conspiracy to distribute methamphetamine *United States v. Walker*, Case No. 09-cr-18 (E.D. Ark. Doc. 68).   The sentencing court recommended that she participate in the RDAP while in prison (*Id.* at Doc. 68), and she was placed at Greenville in order to do so.   Before Walker began the program, the BOP determined that she would be eligible for a sentence reduction of up to one year if she successfully completed the RDAP (Doc. 10, p. 44).   While Walker did not meet the minimum educational requirements for participation in the RDAP, she indicated that she nevertheless wanted to try to complete the program because she wanted the 12-month sentence reduction (*See* Doc. 10, pp. 36, 37; Doc. 13, p. 2).

Walker began the RDAP in July 2011 (*See* Doc. 10, p. 30).   She had

difficulty comprehending the RDAP lessons, Walker says, because of her learning disability.  She requested a transfer to the Federal Medical Center in Carswell, Texas which has a "dual diagnosis" program for inmates suffering from both substance-abuse and mental-health problems (*See* Doc. 1; Doc. 10, p. 15; Doc. 13, p. 2).  Her transfer request was considered, but ultimately denied by FMC-Carswell because she did not qualify as a dual-diagnosis case and her cognitive limitations would be an issue no matter where she participated in the RDAP (Doc. 10, p. 5).

Walker was eventually expelled from the RDAP at Greenville in March 2012. Walker claims she was expelled because she could not comprehend the program. (*See* Doc. 1; Doc. 13).   Prison records reveal, however, that she was expelled due to behavioral issues—specifically, she was not committed to treatment, she exhibited unwillingness and irresponsibility in her efforts to make minimum progress, and she was resistant to direction (Doc. 10, p. 2).   Walker's behavior impeded her own ability to progress, and also put the treatment and well-being of the other inmates in the RDAP at risk (Doc. 10, p. 2).   At the time of her expulsion, Walker was in the RDAP for over eight months and had completed 560 hours of treatment (Doc. 1; Doc. 13).

**B. Procedural History**

In December 2012, Walker filed a civil rights action against prison administrators pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388

(1971).   *Walker v. Samuels*, Case No. 12-cv-1296 (S.D. Ill. Doc. 1).   In her *Bivens* suit, Walker claimed her equal protection rights were violated when prison officials refused to transfer her to FMC-Carswell because another inmate with the "same diagnosis" was transferred to the Texas facility (*Id.* at Doc. 1).   She also claimed that her Eighth Amendment rights were violated based on the embarrassment she suffered during her struggles in the Greenville program and the belittling comments made by guards about her learning disability (*Id.* at Doc. 1).   Walker sought monetary damages and a one-year sentence reduction for her participation in the RDAP (*Id.* at Doc. 1).

This Court instructed Walker that her request for a one-year sentence reduction could not be granted in a civil rights action and must be brought in a habeas corpus action pursuant to 28 U.S.C. § 2241 (*Id.* at Doc. 7).   Walker's *Bivens* suit was then dismissed for failure to state a claim (*Id.* at Doc. 11).   The dismissal was affirmed on appeal.   *Walker v. Samuels*, Case No. 13-1749, 2013 WL 6225135, at *1 (7th Cir. Dec. 2, 2013).

As instructed, and after exhausting her administrative remedies (*See* Doc. 1; Doc. 13), Walker filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241 seeking a one-year sentence reduction for participating in the RDAP (Doc. 1).

## DISCUSSION

In her habeas petition, Walker alleged the BOP placed her in the RDAP at Greenville knowing that she could not successfully complete the program due to her

learning disability (Doc. 1).   She further alleged that the staff at Greenville was unwilling to help her, neglected her treatment, and refused to transfer her to a facility that could accommodate her needs (Doc. 1).   Walker contends that these actions violated her Fourteenth Amendment rights and federal regulation 5 C.F.R. § 2635.101(a), (b).   According to Walker, despite her expulsion from the RDAP, she is still entitled to a one-year sentence reduction because she participated in the program for over eight months and completed 560 hours of treatment (Doc. 1).

Walker's constitutional claims regarding her treatment in the Greenville RDAP and the denial of her request for a transfer to FMC-Carswell were already rejected as meritless in her *Bivens* action.   Even if these claims had not previously been adjudicated, habeas corpus is not the proper vehicle to bring them because they relate to the conditions of confinement, not the fact or duration of her incarceration.   *E.g., Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1995).

Therefore, the only issue raised in Walker's petition that will be addressed is whether the BOP violated the Constitution or federal law in denying Walker a one-year sentence reduction after she participated in, but did not complete, the RDAP.   *See* 28 U.S.C. § 2241(c)(3).

As an initial matter, the Court is dubious regarding its jurisdiction to entertain this issue.   A petition for a writ of habeas corpus is the proper vehicle for a prisoner's claims if the prisoner is challenging the fact or duration of his confinement, and seeking an immediate or speedier release.   *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138 (7th

Cir. 1995) ("Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody.")   Here, if Walker were to prevail, the only relief she could obtain is an order directing the BOP to reconsider her for early release, not one requiring the BOP to grant it.   Since victory would not entitle Walker to an immediate or speedier release, habeas corpus is not necessarily the proper vehicle for her claims.  *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("The difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action.")

That being said, Walker was previously instructed to pursue her request for early release in a habeas action, and therefore the Court will proceed to the merits of her claims.   As previously stated, Walker contends that the BOP violated her Fourteenth Amendment rights and federal regulation 5 C.F.R. § 2635.101(a), (b) when it refused to grant her early release.   The Court disagrees.

Since Walker is a federal inmate and her claims pertain to the actions of federal employees, the Fifth Amendment, not the Fourteenth Amendment, is applicable to her claims.   To the extent Walker is claiming that her Fifth Amendment due process rights were violated, that claim is meritless.   "It is axiomatic that before due process protections can apply, there must first exist a protectable liberty or property interest." *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir. 1982).   It is well-settled, however, that "inmates do not have a protected liberty interest in either RDAP participation or in the associated early release

benefit." *Reeb v. Thomas*, 636 F.3d 1224, 1129 n.4 (9th Cir. 2011), (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence)). *See also Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007).

Additionally, to the extent Walker is claiming her equal protection rights were violated, that claim is also meritless.[1]   Walker has not alleged that she was expelled from the RDAP or denied a sentence reduction because of her membership in a protected class, or that she was treated differently from someone who was similarly situated and that there was no rational basis for the difference in treatment. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 601 n.1 (7th Cir. 2009); *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005).

Finally, Walker also contends that the BOP's actions violated federal regulation 5 C.F.R. § 2635.101(a).   However, this federal regulation provides general rules of ethical conduct applicable to all officers and employees of the executive branch related to financial disclosure requirements and conflicts of interest.   5 C.F.R. § 2635.101(a), (b)(1)–(14).   This Court cannot discern how this regulation can possibly serve as a basis for federal habeas relief, particularly given

---

[1] Although the Fifth Amendment does not contain an equal protection clause, the Supreme Court has construed the Fifth Amendment to contain an equal protection guarantee. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 616 (1991).   Fifth Amendment equal protection claims are examined under the same principles that apply to such claims under the Fourteenth Amendment.  *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217 (1995).

the facts of this case.

Simply put, Walker has not, and cannot, show that the BOP's actions violated the Constitution or federal law.   Regardless of the number of months Walker spent in the RDAP or the number of treatment hours she completed, she did not "successfully complete" the program because she was expelled before she had even completed the first phase.   Because she did not successfully complete the program, it was impossible for her to qualify for early release under 18 U.S.C. § 3621(e)(2)(B).   Therefore, the BOP properly terminated her eligibility and refused to consider her for early release.   Furthermore, even if Walker had successfully completed the RDAP, the BOP still had the discretion to deny early release. *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.")   Thus, Walker is not entitled to any habeas relief.

## CONCLUSION

The claims set forth in Jessica Walker's petition for habeas relief under 28 U.S.C. § 2241 are meritless, and therefore, the petition (Doc. 1) is **DENIED**.   This cause of action is **DISMISSED with prejudice**.   The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 27th day of January, 2014.

Digitally signed by
David R. Herndon
Date: 2014.01.27
13:11:37 -06'00'

**Chief Judge**
**U.S. District Court**